COMMONWEALTH *vs.* LUKE NORTON.

To obtain money of another by falsely representing to him that on a previous occasion he had omitted to return the proper change to the person making the representation, and thereby inducing him to correct the supposed mistake, is not punishable criminally under Gen. Sts. *c.* 161, § 54.

INDICTMENT for obtaining money under false pretences. The first count charged that the defendant falsely pretended to Charles Connell that a few days before he, the defendant, was in Connell's place of business and had two drinks, and gave to Connell five dollars, from which Connell was to take twenty cents, but that Connell did not return any change; and Connell, believing said false representations, and being deceived and induced thereby, paid to Norton four dollars and eighty cents · whereas in truth Norton had not given the five dollars to Connell, and the various representations of Norton were all false.

There were three other counts charging similar transactions with other and different persons.

The defendant pleaded guilty to this indictment. in the superior court, and thereupon *Lord*, J., deeming the questions of law arising thereon, as to whether the allegations of the indictment constituted an indictable offence, so important and doubtful as to require the decision of this court, reported the same, by the consent and desire of the defendant.

No counsel appeared for the defendant.

*Reed*, A. G., for the Commonwealth, cited *Commonwealth* v. *Drew*, 19 Pick. 182; *The People* v. *Johnson*, 12 Johns. 293; *Young* v. *The King*, 3 T. R. 102; *Rex* v. *Wheatly*, 2 Burr. 1128.

DEWEY, J. It seems to us that the present case is one which the court may properly consider as not embraced within the intention of the framers of the statute punishing the obtaining of goods by wilfully false pretences. The case as presented by the indictment is the naked case of a wilfully false affirmation, made to a party who had like means of knowledge whether the affirmation was true or false as the party who made it. The indictment alleges the false statements to have been that the same person alleged to have been defrauded had on a previous day named received of the defendant a certain bank bill for the payment of certain " drinks" furnished to the defendant, and had not given back any change. The case was one of a demand of money as of right, growing out of what might have been an illegal sale of liquors, and was yielded to by the seller, he being personally connected with all the alleged facts, and voluntarily submitting to the demand thus made upon him. It was said by this court in *Commonwealth* v. *Drew*, 19 Pick. 184, that " although the language of the statute ( *St.* 1815, *c.* 136) is very broad, and in a loose and general sense would extend to every misrepresentation, however absurd or irrational or however easily detected; yet we think the true principles of construction render some restriction indispensable to its proper application. . . . . . It may be difficult to draw a precise line of. discrimination applicable to every possible contingency, and we think it safer to leave it to be fixed in each case as it may occur."

These remarks apply equally to Gen. Sts. *c.* 161, § 54, and in the opinion of the court the facts alleged in this indictment do

not present a case which should be held to fall within the spirit and purpose of the statute. We are aware that some of the English judges have given a more extended construction of their statute in cases that have there arisen.

*Judgment arrested.*